39001. The State of Ohio, appellee v. Bradley, appellant. 

Schneider, J.

Whether an emotional demonstration in the courtroom during the course of a murder trial by a spectator related to the victim improperly influences the jury against the accused; and whether a gift by the jury to the prosecuting attorneys, inspired by their repeated remarks to none of which the accused made objection, conceived in part during the trial but not connected with any part of the deliberations of the jury and presented after sentence of the accused and discharge of the jury, constitute misconduct so as to deprive the accused of a fair trial are questions of fact to, be resolved by the trial court, whose determination thereon will not be disturbed on review in the absence of evidence contrary to that determination clearly and affirmatively appearing on the face of the record.

Judgment affirmed.

Zimmerman, Matthias, O'Neill, Herbert and Brown, JJ., concur.

39022. The Orr Felt & Blanket Co., appellee v. Schneider, Tax Commr., appellant. O'Neill, J.

1. When grease wool, imported for use in manufacturing upon which no duty has been paid, is stored in its original packages by a manufacturer-importer in a bonded warehouse, which warehouse is under the exclusive control of the United States customs officer, such wool has not definitely ended its importation journey and has not been irrevocably committed to supply the manufacturer-importer's "current operational needs," and, therefore, such wool retains its constitutional immunity as an import and is not taxable under the Ohio personal property tax laws.

2. When imported grease wool upon which duty has been paid is stored in a warehouse in inventory under the manufacturer's control for use in manufacturing, only that amount which is required to provide for the manufacturer-importer's "current operational needs" for the length of time it takes to secure an additional supply of wool from the foreign market which the manufacturer has selected as its source of supply loses its constitutional immunity as an import and is, therefore, taxable under the Ohio personal property tax laws.

Decision affirmed in part, reversed and remanded in part.

Taft, C. J., Zimmerman, Matthias, Herbert, Wasserman and Brown, JJ., concur.

Wasserman, J., of the Eighth Appellate District, sitting for Schneider, J.

39037. Shopping Centers Association of Northern Ohio et al., appellants v. Public Utilities Commission of Ohio et al., appellees. Zimmerman, J.

1. Public utilities, because of the nature of their business in providing the public with necessary products and services, are subject to supervision, regulation and control by governmental agencies established for that purpose, inter alia, to protect those served with respect to the fairness of rates charged, adequacy of service, discriminatory practices and like matters.

2. Within the provisions and meaning of Section 4905.03 (A) (4), Revised Code, the term, "consumer," used in reference to an Ohio public utility supplying electric energy, includes an Ohio resi-